UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ISAAC LAVERN JOHNSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:18-cv-01495-HNJ |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Isaac Lavern Johnson ("Johnson") seeks judicial review pursuant to 42 U.S.C. § 405(g) of an adverse, final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Secretary"), regarding his claim for Disability Insurance Benefits (DIB). The undersigned carefully considered the record, and for the reasons expressed herein, the court **REVERSES** the Commissioner's decision and **REMANDS** for further consideration of the Department of Veterans Affairs' disability rating.[1]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including the entry of final judgment.

## LAW AND STANDARD OF REVIEW

To qualify for benefits, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. §§ 404.1505(a), 416.905(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant suffers a disability, the Commissioner, through an Administrative Law Judge (ALJ), works through a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden rests upon the claimant at the first four steps of this five-step process; the Commissioner sustains the burden at step five, if the evaluation proceeds that far. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

In the first step, the claimant cannot be currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must prove the impairment is "severe" in that it "significantly limits [the] physical or mental ability to do basic work activities . . . ." *Id.* at §§ 404.1520(c), 416.920(c).

At step three, the evaluator must conclude the claimant is disabled if the impairments meet or medically equal one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00–114.02. *Id.* at §§ 404.1520(d), 416.920(d). If a claimant's impairment meets the applicable criteria at this step, that claimant's impairment would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1525, 416.925. That is, a claimant who satisfies steps one and two qualifies automatically for disability benefits if the claimant suffers a listed impairment. *See Williams v. Astrue*, 416 F. App'x 861, 862 (11th Cir. 2011) ("If, at the third step, [the claimant] proves that [an] impairment or combination of impairments meets or equals a listed impairment, [the claimant] is automatically found disabled regardless of age, education, or work experience.") (citing 20 C.F.R. § 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluation proceeds to the fourth step, where the claimant demonstrates an incapacity to meet the physical and mental demands of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this step, the evaluator must determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent performance of past relevant work, the evaluator will determine the claimant is not disabled. *See id.*

If the claimant succeeds at the preceding step, the fifth step shifts the burden to the Commissioner to provide evidence, considering the claimant's RFC, age, education and past work experience, that the claimant is capable of performing other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant can perform other work, the evaluator will not find the claimant disabled. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant cannot perform other work, the evaluator will find the claimant disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(g), 416.920(g).

The court reviews the ALJ's "decision with deference to the factual findings and close scrutiny of the legal conclusions." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015) (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). The court must determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Although the court must "scrutinize the record as a whole . . . to determine if the decision reached is reasonable . . . and supported by substantial evidence," *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted), the court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the ALJ. *Winschel*, 631 F.3d at 1178 (citations and internal quotation marks omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citations omitted). Nonetheless, substantial

4

evidence exists even if the evidence preponderates against the Commissioner's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Although the court reviews the ALJ's decision for substantial evidence, the court reviews her application of legal principles de novo. *Id.*

## FACTUAL AND PROCEDURAL HISTORY

Mr. Johnson, age 42 at the time of the ALJ hearing, protectively filed an application for a period of disability and disability insurance benefits on December 9, 2015, alleging disability with an onset date of August 1, 2010. (Tr. 86, 12). The Commissioner denied his claims, and Johnson timely filed a request for a hearing on January 15, 2016. (Tr. 12). An Administrative Law Judge ("ALJ") held a hearing on October 4, 2017, (tr. 82–95), and issued an opinion denying Johnson's claim on April 5, 2018. (Tr. 9–25).

In his opinion, the ALJ first determined that Johnson met the Social Security Act's insured status requirements through March 31, 2014. (Tr. 14). Applying the five-step sequential process, the ALJ found at step one that Johnson had not engaged in substantial gainful activity from his alleged onset date of August 1, 2010, through the date of the ALJ's opinion, April 5, 2018. *Id.* At step two, the ALJ found that Johnson suffers from the following severe impairments: scoliosis; lumbar degenerative joint disease; human immunodeficiency virus; history of left upper extremity fracture; anxiety; depression; substance abuse; personality disorder; and post-traumatic stress disorder. *Id.* At step three, the ALJ concluded that Johnson's impairments or

5

combination of impairments did not meet or medically equal any impairment for presumptive disability listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ found that Johnson exhibited the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) but with certain limitations.[2] (Tr. 17). At step four, the ALJ found that Johnson is unable to perform any past relevant work. (Tr. 23). At step five, the ALJ relied upon the testimony of a vocational expert to find Johnson can perform other work that exists in significant numbers in the national economy. (Tr. 23–24).

Johnson timely requested review of the ALJ's decision. On August 22, 2018, the Appeals Council denied review, which deems the ALJ's decision as the Commissioner's final decision. On September 24, 2018, Johnson filed his *pro se* complaint with the court seeking review of the ALJ's decision. (Doc. 1).

---

[2] The ALJ described the following limitations:

> [Johnson] could perform unskilled work not requiring complex instructions or procedures; could not climb ropes, ladders, or scaffolds; could not work at unprotected heights or with hazardous machinery; could occasionally stoop, crouch, crawl, or kneel; could not tolerate concentrated exposure to dust, fumes, or other respiratory irritants; could frequently reach overhead with left upper extremity; could frequently interact with co-workers and supervisors; and could have occasional contact with the general public.

(Tr. 17).

## ANALYSIS

In this appeal, Johnson argues the ALJ improperly considered an Office of Personnel Management (OPM) letter awarding Johnson disability benefits and a Department of Veteran Affairs (VA) disability rating of 70 percent. In addition, the court construes Johnson's complaint to seek a Sentence Six remand based upon a January 22, 2019, VA Rating Decision awarding Johnson individual unemployability compensation. Finally, Johnson faults the ALJ for failing to consider a 2006 Appeals Council remand order issued in a prior disability benefits case. For the reasons discussed below, the court finds merit in Johnson's contention that the ALJ evaluated improperly the VA disability rating. The court will remand the case to the ALJ to further evaluate the rating.

Because remand is warranted on this basis, the court will not address Johnson's allegations regarding the OPM letter and the January 22, 2019, VA Rating Decision. *See Demenech v. Sec'y of the Dep't of HHS*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (because one issue plaintiff raised warranted remand, the court need not consider the remaining issues); *accord Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Hall v. Astrue*, No. CV-11-S-3540-J, 2012 U.S. Dist. LEXIS 86838, at *12 n.8 (N.D. Ala. June 22, 2012).

# THE ALJ DID NOT PROPERLY CONSIDER THE VA DISABILITY RATING

An ALJ's evaluation of another agency's disability determination involves the application of legal standards; thus, the court reviews such evaluation de novo. *See Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) ("Because [the weigh accorded to another agency's disability determination] is about the legal principles upon which the ALJ based his decision, we review it de novo.") (citing *Moore*, 405 F.3d at 1211). As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled . . . is not binding on" the Social Security Administration. SSR 06–03p, 2006 WL 2329939, at *6.[3] Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." *Id.* at *7.

Nevertheless, the SSA must "evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." *Id.* at *6. Moreover, "the adjudicator should explain

---

[3] The SSA rescinded SSR 06-03p, effective March 27, 2017. 82 Fed. Reg. 15,263 (Mar. 27, 2017). However, because SSR 06-03p constituted the relevant standard at the time of the ALJ's decision, the court reviews this matter using SSR 06-03p. *See Duckworth v. Berryhill*, 2018 U.S. Dist. LEXIS 132186, at *19 n.6 (N.D. Ala. Aug. 7, 2018) (court evaluated the ALJ's decision pursuant to SSR 06-03p because SSR 06-03p applied to ALJ's June 2016 decision).

the consideration given to these decisions in the notice of decision for hearing cases. . . ." *Id.* at *7. Notwithstanding the guidance of SSR 06-03p, it is well settled in the Eleventh that a disability determination rendered by another agency is entitled to great weight. *See Perez v. Colvin*, 214 F. Supp. 3d 1200, 1208 (N.D. Ala. 2016) ("Eleventh Circuit case law consistently holds that disability determinations from other government agencies are entitled to great weight from the outset, and then, if there is good cause, the ALJ may articulate why he or she depreciates that weight.") (citing *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015); *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981);[4] *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856 (11th Cir. 2013).

Thus, when an ALJ omits a discussion of another agency's disability determination, or the weight accorded such determination and the reasons therefor, a court should reverse the Commissioner's decision and remand for consideration and evaluation of the other agency's decision. *See Perez*, 214 F. Supp. 3d at 1208 ("Even if the ALJ was not required to state explicitly that the OPM determination was entitled to great weight, he failed to explain adequately why he gave only 'consideration and some form of weight' to it. . . . The record here makes clear that the ALJ conducted no review of the basis for the OPM's decision."); *Gaithright v. Shalala*, 872 F. Supp. 893, 899 (D. N.M. 1993) ("Determinations of disability made by other government agencies are

---

[4] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

entitled to consideration by the Secretary. . . . The ALJ in this case did not consider Plaintiff's state disability benefits at all. Consequently, the ALJ erred in that respect.") (citation omitted); *Batchelor v. Colvin*, 962 F. Supp. 2d 864, 867 (E.D.N.C. 2013) ("This court has repeatedly held that where an ALJ fails to mention disability determinations by other governmental agencies, this constitutes error necessitating remand to the Commissioner for further consideration and remand"); *Trammell v. Berryhill*, No. 1:16CV586, 2017 WL 3671177, at *7 (M.D.N.C. Aug. 24, 2017) (an ALJ does not satisfy SSR 06-03p merely by mentioning an agency determination and stating it is nonbinding); *Dickens v. Colvin*, No. 16-05018-CV-SW-RK, 2017 WL 1023361, at *3–5 (W.D. Mo. Mar. 16, 2017) (remand required due to ALJ's failure to discuss records underlying VA disability determination or reasons for rejecting VA disability determination); *Chriscoe v. Colvin*, No. 1:13CV788, 2015 WL 4112442, at *15 (M.D.N.C. July 8, 2015) ("[T]he ALJ failed to even mention Plaintiff's Medicaid [disability] award in his decision. Because, based on the record presented, the Court cannot determine whether the ALJ considered and discounted the evidence on which the Medicaid decision was based, the ALJ's failure to consider the award of Medicaid benefits to the Plaintiff cannot be said to constitute harmless error."); *Moore v. Colvin*, No. 1:12–cv–00739–MJD–JMS, 2013 WL 4584618 (S.D. Ind. Aug. 28, 2013); *Freese v. Astrue*, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722, at *3 (cursory statement by ALJ that FERS disability determination was not binding and based on different laws and regulations not supported by substantial evidence).

In this case, the VA assigned Johnson a combined disability rating of 70 percent for his service-connected disabilities. (Tr. 1512–13). Specifically, the VA determined that Johnson suffers from anxiety disorder (50%); major depressive disorder (50%); and acquired immune deficiency syndrome (30%). (Tr. 1520–21). In formulating Johnson's RFC, the ALJ noted that Johnson "had a 70% service connected disability rating from the Department of Veteran's Affairs." (Tr. 22). The ALJ accorded Johnson's disability rating little weight because "the disability determinations of other governmental agencies are . . . not entitled to any particular weight," and "the policies for rating disability of [the VA] significantly differ from those used by the [SSA] for making a finding regarding disability." (*Id.*) The ALJ applied the incorrect legal standard and improperly discounted Johnson's VA disability rating.

As elaborated above, the Commissioner generally must accord great weight to other agencies' disability determinations. *See Rodriguez*, 640 F.2d at 686; *Perez*, 214 F. Supp. 3d at 1208. Particularly relevant here, it is well established in this circuit that a VA disability rating, though nonbinding, constitutes "evidence that should be considered and is entitled to great weight." *Rodriguez*, 640 F.2d at 686; *accord Brown-Gaudet-Evans*, 673 F. App'x at 904. Furthermore, an ALJ must not only "seriously consider and closely scrutinize the VA's disability determination," but must also "give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans*, 673 F. App'x at 904 (citing *Rodriguez*, 640 F.2d at 686). Therefore, an ALJ cannot rely solely upon differences between the VA and SSA disability determination standards to

11

discount a VA disability rating. *See Daniels v. Berryhill*, No. 3:16cv412-WC, 2017 WL 2177336, at *15 (M.D. Ala. May 17, 2017) (ALJ failed to meaningfully analyze a VA disability rating by merely citing differences in the VA's and SSA's evaluation processes); *accord Dunham v. Colvin*, No. 2:15-cv-622-GMB, 2017 WL 253979, at *8 (M.D. Ala. Jan. 19, 2017). "Such generalized dismissals of agency determinations are insufficient to demonstrate that the ALJ 'seriously considered [the] VA disability rating.'" *Butters v. Berryhill*, No. 6:18-cv-00472-AKK, 2019 WL 3429243, at *13–14 (N.D. Ala. July 30, 2019) (quoting *Brown-Gaudet-Evans*, 674 F. App'x at 904).

In this case, the ALJ discounted Johnson's VA disability rating in precisely the manner the law proscribes. Asserting that the VA's determination was "not entitled to any particular weight," the ALJ accorded the disability rating little weight solely because the VA and SSA employ different standards for assessing the existence of a disability. (Tr. 22). In his evaluation, the ALJ not only misstated the evidentiary value the law assigns to VA disability ratings,[5] but also failed to adequately articulate why he deviated

---

[5] SSR 06-03p provides that "because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency." SSR 06-03p, 2006 WL 2329939, at *7. Although this statement comports with the ALJ's assertion that other agencies' disability determinations "are not entitled to any particular weight," (tr. 22), the pronouncements of the Eleventh Circuit -- not those of SSR 06-03p -- bind the ALJ. *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) ("[Social Security] Rulings do not have the force and effect of the law or regulations . . . . A ruling may be superseded, modified, or revoked by later legislation, regulations, court decision or rulings.") (quoting *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984)). Accordingly, this circuit's rule that an ALJ must accord great weight to another agency's disability determination or provide an adequate explanation for discounting it supersedes any contrary representation in SSR 06-03p.

12

from that standard. Accordingly, the ALJ failed to demonstrate that he considered the VA disability rating with a sufficient degree of scrutiny. This failure warrants a remand to allow the ALJ to give Johnson's VA disability rating due consideration in accordance with the law of this circuit. *See Butters*, 2019 WL 3429243, at *14 (remand warranted where the ALJ concluded the VA disability rating did not bind his decision merely because the SSA employs different disability determination standards); *Dunham*, 2017 WL 253979, at *8 (remand warranted where the ALJ accorded the VA disability determination little weight solely because the VA's and SSA's disability criteria differ).

The court notes the record does not contain the VA determination letter establishing Johnson's disability rating for the relevant time period.[6] Instead, Johnson's VA disability rating appears throughout medical evaluations that comprise his treatment records. (Tr. 1491–92; 1497; 1521–23). The absence of the VA determination letter, however, does not excuse the ALJ's obligation to adequately justify the reasons for according Johnson's VA disability rating little weight. *See Daniels*, 2017 WL 2177336, at *3–7.

Notably, in *Daniels* the court considered whether the absence of a VA determination letter justified the ALJ's otherwise improper evaluation of the plaintiff's VA disability rating. *Id.* at *6–7. The record in *Daniels* did not contain a VA

---

[6] As discussed below, Johnson's record in the instant appeal contains a January 22, 2019, VA Rating Decision letter. However, this letter did not form part of the record before the ALJ because it issued after the ALJ's August 5, 2019, decision.

13

determination letter reflecting the plaintiff's assigned disability rating. *Id.* at *6. Rather, the plaintiff's treatment records, like Johnson's, contained medical evaluations indicating his disability rating. The ALJ concluded the plaintiff's VA disability rating retained "little probative value" because the VA and SSA employ different disability standards. *Id.* at *3. The court ruled that the ALJ failed to properly consider the VA disability rating, notwithstanding the absence of the VA determination letter:

> The absence of such record would undoubtedly impede the ALJ's ability to identify the reasons, if any, to discount the rating. Nonetheless, the ALJ specifically considered the disability rating . . . , and afforded it little weight, and did not rely upon a lack of tangible evidence in doing so. . . .
> . . .
> [I]t is clear to the undersigned that the ALJ failed to properly weigh the disability rating from the VA as a matter of law. To the extent that the Commissioner argues the discount was proper because the ALJ did not have the actual VA disability rating before her, the argument is unavailing.

*Id.* at *6–7.

The instant case warrants the same conclusion. Accordingly, the court finds the absence of the VA determination letter did not relieve the ALJ of his duty to accord the VA disability rating great weight or provide specific reasons for discounting it. *Id.*; *see also Figueroa-Padilla v. Comm'r of Soc. Sec.*, No. 6:16-cv-1813-Orl-TBS, 2017 WL 3712483, at *4 (M.D. Fla. Aug. 29, 2017) (the "lack of a detailed VA rationale" did not permit the ALJ to discount a VA disability rating based solely upon the VA's and SSA's differing standards) (citing *Daniels*, 2017 WL 2177336 at *7).

Finally, the court observes the ALJ considered Johnson's VA medical records in his decision. Specifically, the ALJ accorded good weight to the opinions rendered by

14

VA physicians Dr. James M. Flournoy and Dr. Katina Hebert, which reflected Johnson's 50 percent disability rating for major depression. (Tr. 1612, 1621). However, the ALJ's consideration of Johnson's VA medical evidence neither satisfies nor negates his duty to closely examine the VA disability rating itself and provide an adequate justification for according it little weight. *See Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) ("[T]he ALJ's prior decision addressed at some length [the claimant's] VA medical evidence[;] nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision . . . ."); *accord Burch-Mack v. Comm'r of Soc. Sec.*, No. 8:15-cv-1167-T-JSS, 2016 WL 5087477, at *12–13 (M.D. Fla. Aug. 2, 2016); *see also Boyette*, 605 F. App'x 777 (ALJ implicitly assigned a VA disability determination great weight by scrutinizing the decision and explaining in detail why it could not be given controlling weight). Therefore, the ALJ's failure to adequately scrutinize the VA disability rating warrants reversal of the ALJ's decision and remand for proper consideration.

In summary, the ALJ's failure to accord Johnson's VA disability rating great weight or adequately explain the reasons for discounting it warrants a remand of this case. On remand, the ALJ should specifically consider the January 22, 2019, VA Rating Decision granting Johnson individual unemployability, effective June 14, 2017. (Doc. 17 at 22–24).

Significantly, the VA based this rating upon the OPM's March 14, 2011, finding that Johnson was disabled – which finding pertains to the time period relevant to the

instant case. The Rating Decision states: "the evidence demonstrates you have been unemployable due to service connected disability since March 14, 2011." (*Id.* at 24). Furthermore, the Rating Decision notes the VA denied Johnson's prior disability application on September 8, 2014, and Johnson failed to appeal the denial. (*Id.*) By highlighting Johnson's failure to appeal the 2014 adverse decision in its determination that he has remained unemployable since March 14, 2011, the VA appears to suggest its 2014 denial issued in error. Accordingly, the ALJ should assess the January 22, 2019, VA Rating Decision in re-evaluating Johnson's disability.

## CONCLUSION

For the foregoing reasons, the court **REVERSES** the Commissioner's decision and **REMANDS** the case for appropriate consideration of the Department of Veterans Affairs' disability rating.

**DONE** this 24th day of January, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE